UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DANIEL L. LINDSEY, SR.,
          *Plaintiff-Appellant,*

v.

STATE FARM FIRE AND CASUALTY
COMPANY,
          *Defendant-Appellee.*

No. 00-2513

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-00-132-AW)

Argued: May 9, 2001

Decided: June 6, 2001

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Kenneth Everett McPherson, Riverdale, Maryland, for
Appellant. Craig David Roswell, NILES, BARTON & WILMER,
Baltimore, Maryland, for Appellee. **ON BRIEF:** Ranji M. Garrett,
NILES, BARTON & WILMER, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In this diversity breach of contract action, Reverend Daniel L. Lindsey, Sr. sued the State Farm Fire and Casualty Company, alleging improper denial of his insurance claim for fire damage to his church. The district court granted State Farm's motion for summary judgment due to Lindsey's failure to substantially comply with the terms of the policy. We affirm.

### I.

Daniel Lindsey is the pastor of Victory Temple Church of God in Christ ("Victory Temple"), for which he purchased fire insurance from State Farm. On November 2, 1997, a fire destroyed the church building and the personal property inside. Subsequently, Lindsey made a claim for the damages. After investigation, both State Farm and the Maryland State Fire Marshall concluded that the fire had been set intentionally.*

Lindsey's insurance policy requires him to submit to an Examination Under Oath ("EUO") "at such times as may be reasonably required about any matter relating to this insurance or [his] claim." Lindsey first submitted to examination in March 1998, but this initial EUO was suspended for family reasons, and the parties rescheduled for April 1998. State Farm suspended the second EUO when Lindsey refused to answer questions regarding how he spent money raised after the fire. Specifically, Lindsey refused to name the architect to whom he claimed to have paid some of this money and further stated that "I would like to stop the interview and I think I need an attorney."

---

*The Victory Temple fire was one of three suspected arsons in the immediate neighborhood. Lindsey was accused of setting one of the other two fires, but a jury acquitted him of all charges.

Four months later, Lindsey, through his attorney, sent a letter to State Farm stating that neither he nor his wife, Robin Lindsey, a trustee and officer of Victory Temple, would submit to further examination. After a year and a half of attempting to convince Reverend Lindsey to complete the examination, State Farm finally denied his claim.

## II.

The district court granted summary judgment, finding that Lindsey did not substantially comply with the insurance policy, because he failed to complete the reasonably requested EUO. We have carefully considered the parties' briefs, oral arguments, the record in the case, and the relevant legal authorities, and conclude that the district court properly granted summary judgment to State Farm. Accordingly, we affirm on the reasoning of the district court. *See Lindsey v. State Farm Fire and Cas. Co.*, Civil Action No. AW-00-132 (D. Md. Oct. 23, 2000).

*AFFIRMED*